ABRAHAM WERBELOVSKY, Respondent, and LUKCITY, INC., and Others, Intervenors, Respondents, *v.* SAMUEL STRAUSBERG, HENRY D. LEVY, THEODORE GUTMAN, GEORGE GOLDBERG, COURTREM TRADING CORPORATION, CAMEDO CORPORATION, BAGDAD TRADERS, INC., COLLEGE CANARSIE CORPORATION, POPULAR THEATRES, INC., INTERBORO THEATRES, INC., ANNA H. KASTENBAUM, SOLOMON M. STRAUSBERG and ELIAS BLOOM-GARDEN, Appellants, Impleaded with HENRY MENDEZ and Others, Defendants, and J. HENRY SMALL and Others, Impleaded Defendants, Respondents.

First Department, February 5, 1940.

*Eugene Eisenmann* of counsel [*J. Alvin Van Bergh* and *Joseph Katz* with him on the brief; *Proskauer, Rose & Paskus*, attorneys for the appellant Samuel Strausberg; *Joseph Katz*, attorney for the appellants Camedo Corporation and College Canarsie Corporation; *Harry K. Nadell*, attorney for the appellant Henry D. Levy; *Albert I. Schmalholz*, attorney for the appellant Courtrem Trading Corporation; *David L. Raider*, attorney for the appellants Anna H. Kastenbaum, Solomon M. Strausberg and Elias Bloomgarden; *Benjamin Kornblum*, attorney for the appellants Popular Theatres, Inc., and Interboro Theatres, Inc.], for the appellants.

*William Gold* of counsel, for the appellants Theodore Gutman, George Goldberg and Bagdad Traders, Inc.

*Samuel Gottlieb* of counsel [*Joseph P. Segal* with him on the brief; *I. Gainsburg*, attorney], for the plaintiff-respondent.

*Raphael H. Weissman* of counsel [*David I. Silverman* with him on the brief], for the plaintiffs-intervenors-respondents.

GLENNON, J.   It is obvious that the defendants failed to comply in many instances with the original order entered at Special Term directing them to serve bills of particulars.   Briefly it may be noted that they neglected to furnish copies of writings and to give names of persons, salaries and other matters as directed.

It should be observed that the order appealed from as entered at Special Term provides that if the defendants are unable to furnish the particulars directed because of lack of knowledge or inability to obtain such information, they may so state under oath.   In addition thereto there is a provision that " if such defendants, or either of them obtain such information before the trial of the action, the information shall be furnished within five days after such information has been obtained by them or either of them and at least five days before the trial of the action * * *."   Further it should be noted that the court has directed that if there is any controversy with reference to the information under the lack of knowledge provision and time does not permit

further motions, the question shall be passed upon by the trial court, "as to whether or not the defendants shall be precluded because of non-compliance."

Since there is a dispute as to the scope of the order in so far as the preclusion clause is concerned, it is proper to say that a fair construction thereof would result as follows: Any defendant who does not see fit to comply with the directions contained in the order will be precluded from offering evidence at the trial with respect to such of the items set forth as to which the particular defendant shall have failed to comply.

Counsel stated upon the argument that an early trial was desirable. Therefore, the defendants' time to furnish the further bills will be extended until February 10, 1940.

The order should be affirmed, with twenty dollars costs and disbursements.

O'MALLEY and UNTERMYER, JJ., concur; MARTIN, P. J. and TOWNLEY, J., dissent.

Order affirmed, with twenty dollars costs and disbursements to the plaintiff-respondent and the plaintiffs-intervenors-respondents, with leave, however, to defendants-appellants to serve further bills of particulars by Saturday, February 10, 1940. If any of the defendants are unable to furnish the particulars as directed, he or it may so state under oath, as provided in the order of Special Term.